Now, 20-1314, 22-3024, CIT Bank v. Zisman. All right, Mr. Parsley, you're reserved one minute for rebuttal. Yes, Your Honor. May it please the Court, I'm Stephen Parsley here for appellate CIT Bank. This Court must reverse the summary judgment. At the outset, we need to consider the purpose behind foreclosure standing requirements. Their purpose is to ensure that borrowers know who hold their debts and to protect those borrowers from multiple competing foreclosure actions. It's not a purpose of frustrating the true creditor's lawful foreclosure. I bring that up because entitlement to foreclose cannot be separated from the right to accelerate the debt. If you lack standing to enforce the loan, you also lack the right to accelerate the loan. But the district court's ruling on acceleration got that wrong, though. It puts CIT Bank in a catch-22 because in the first foreclosure action in the state court, our predecessor, 1 West, moved to substitute as plaintiff. That motion was denied, and the state court held that standing to foreclose had not been demonstrated. Then it went on a few years later to dismiss. But after CIT Bank filed this new action in the federal court, the district court adopted the Zisman's contrary argument that 1 West's affidavit and the prior action had accelerated the debt at that point. It's absurd to hold both that neither IndyMac nor 1 West, the two different party names in the first case, that neither of them had standing to foreclose in the prior action, but also that the 1 West affidavit filed in that state court had accelerated the loan. Did 1 West have the ability to accelerate the loan? They held the loan. It was in default. We would go back and relitigate the case that way, but the state court was not believing the evidence put forward that 1 West had standing to foreclose at the time. So in that context of that proceeding, we were having to operate under that assumption. The question is, did they have the ability? They held the note. It was in default. Why couldn't they accelerate? We believe that they should have had the ability to do it. But being bound by what happened in the first case, we weren't able to get the court on board with that. So if the 1 West... I'm thinking of the SAC affidavit which said, well, we are hereby accelerating the loan. Why couldn't they do that? Great question, Your Honor. We think they should have been able to accelerate, but when you read the actual affidavit, it's clear from multiple prefatory language in it. It's clear from the actual statements in that 1 West was seeking to validate IndyMac's complaint, not to affect a new independent freestanding acceleration of the loan. What language would you point to that does that? Because, I mean, obviously you're saying it's context, because without context, plaintiff hereby elects to accelerate sounds a lot like it is doing it via that declaration. Because plaintiff always referred to IndyMac, IndyMac always was the named plaintiff, and it certainly was the named plaintiff at the time the affidavit was filed. That's why it's pointing back to IndyMac as a plaintiff, not 1 West. 1 West had wanted to substitute, but it wasn't allowed to substitute. But wasn't it also trying to make that point in the Johnson-Seck Declaration? Yes, Your Honor. It was asking to be substituted as plaintiff, but that was denied. Page 1092 in the Joint Appendix gives a brief outline of the judge's reasons for denying that motion to substitute there. And to be clear, the Zismans denied in both that prior action and in this present action that 1 West, not just IndyMac, but 1 West had standing to enforce the note and mortgage. They denied that we had standing at the time the affidavit was filed. But in this case, they've taken the inconsistent position that although we couldn't have foreclosed, apparently, we could accelerate. And those two are irreconcilable when you really think about how the same requirements to foreclose are the same requirements to accelerate. This puts us in a gotcha game, ultimately. If the Zismans are right, who could have ever foreclosed? They'd like the answer to be no one, but this Court should resist that conclusion. In general, there's also danger in opening the door to more and more types of litigation documents, being acceleration. We acknowledge that it's theoretically possible that things beyond the complaint, things beyond a notice of acceleration letter, it's theoretically possible that other things beyond those can be an acceleration. But expanding those... These notices and these documents, they're vetted by lawyers. I hope so. They're a bank. I mean, they're vetted by lawyers. And a lawyer looks at a document that says, we hereby accelerate your loan. And I don't see how a lawyer can give somebody assurance that that doesn't affect the acceleration of the loan. And then if you... And then for some reason, the company waited like seven years in order to foreclose. I mean, it does seem like this is no way to run a railroad. A couple of points there. It was post-financial crisis chaos in 2010 when all this was going on. The case went on for a lot of years because motions sat. The New York State courts were very backed up with all these foreclosure actions. It wasn't the one West's dilatory tactics that dragged out that case for a long time. Another point I'd mention, we made this in the briefing as well, is that that paragraph 5G in the affidavit, it is very, very close to a copy and paste of the complaint. And right before that, it says that it's intended to validate the complaint. And I think that's why, looking at it now, it would have been better to change the tense of elects to elected. But it's clear when you read the context that they were trying to validate what had already taken place. It's not just elects. It's hereby elects. Hereby elects, yes, Your Honor. Yeah, the hereby is significant, isn't it? It's coming straight from the complaint right there. I know, but you're rewriting it to mean elected doesn't really work because it says hereby elects, which certainly implies right now. It would have been better to do that, Your Honor. I know I'm getting close to the end of my time. You've exceeded your time. I would point to two kind of tie breakers if you see ambiguity here. First is the clear and unequivocal act requirement that New York has been very insistent on for acceleration. Number two. You don't think this is clear and unequivocal? I don't. The plaintiff hereby elects to call due the entire amount. I don't because you should read the whole document when interpreting one part of that document there. The second would just be that they bore the summary judgment burden as movements. All right. Thank you, counsel. You do have a minute for rebuttal. Mr. Krantz. Still good morning, Your Honors. Mark Krantz for the defendants here. A few things. First of all, counsel is saying that the prior action was dismissed. It was actually granted by summary judgment, and that's very, very important. They consented to it. They never even objected. There's a consent order where they consented to summary judgment. So the fact that they didn't have standing in the prior action and what exactly happened is saying they didn't have opportunities. That's not true. They didn't even oppose our motion for summary judgment. The next point I'd like to respond is saying that in the SEC affidavit that IndyMac was the named plaintiff. The way it works in state court, at least, is the action, the caption can stay the same. So even though the caption says IndyMac, if the note transfers, it's on the CPLR-1018, it can be a new party who's the plaintiff even though the old name remains. You don't have to substitute the parties. So that affidavit actually, if you look in the beginning, it says we are one West's successors to IndyMac. So it very clearly says that we, one West, hereby elects to accelerate. As Your Honor said earlier, just look at the dictionary. Hereby means now. They actually effected an acceleration at that point. The fact that the court granted summary judgment doesn't annul a fact that they actually accelerated it at that time. It's not inconsistent positions. It's very consistent. They accelerated it at that point. Then they tried to, beyond the six-year statute of limitations, commence a new action. Well, since you are affirmatively contending that they accelerated the loan, then I hear you conceding that the money was borrowed. Yes. And the money was owing. Yes. And it was accelerated. And the statute of limitations may bar foreclosure action. Yes. But does it bar a suit on the note? Because you're affirming the note. You're saying, yes, my clients entered into that note. Yes, it was accelerated. Your Honor, the statute of limitations applies to both the note and to the mortgage. I can see for the foreclosure, but why for the note? The statute of limitations applies to both. So if it would just be a note without a mortgage, the same rules will apply. Right. But you can, the statute of limitations may yield if you concede or affirm the obligation. Well, I'm only, yes, there's such a thing as, your Honor is correct, there is such a thing as conceding an obligation and restarting the statute of limitations. I mean, we're all talking about this. It's very clear that there is an obligation and you're not disclaiming it. You're saying there's a statute of limitations problem and you just conceded that it can be overcome if you afterward, even after the statute of limitations has run. Okay. Confirm the obligation. That's my question. Yes, your Honor. There is a concept of that and there is case law that discusses that, that you can restart the statute of limitations, but there's very, very strict rules. It has to be in writing. It has to be the party who's doing it. I don't know. I mean, I'm reading your brief. It's in writing. No, from the borrower's perspective, your Honor. I mean, I suppose this is somebody else's problem, right? Next law. This is not our problem. Yeah, yeah, exactly. But there is a procedure for that and it has been done. In this case, they don't meet that standard at all. They're not even making that argument here, your Honor. I noticed that they weren't and I'm sort of wondering why they didn't. Right. I thought you might be able to tell me. The reason is because it doesn't fit in within the requirements that are necessary to restart the statute of limitations. So that's the answer. It wasn't brought up at all because they don't meet that standard at all. It's an idea of another lawsuit, not this one. Yeah, exactly. Yes. Maybe a good idea. I'm not going to help them on that. I just want to make one other point. On the summary judgment, which was granted, there was actually another portion of our motion, which the lower court, the district, didn't even get to. And that is that the prior court, by granting a summary judgment motion, actually, in effect, ruled that they didn't have the transfer of the note from IndyMac to CIT or to OneWest, which was then CIT, was not done properly. So by granting summary judgment, they also upheld that argument. And the lower court didn't even get to this because the lower court said you have a statute of limitations problem. But I also made an issue preclusion collateral estoppel argument, which the lower court didn't get to. But if this court feels differently than the lower court on the first issue, we have that second issue, which has not been addressed at all. So I just wanted to make that point. Thank you, Your Honor. Thank you, counsel. All right, Mr. Parsley, one minute. Thank you, Your Honor. I agree. The summary judgment was granted as stipulated and unopposed. At the same time, we had been seeking to discontinue, but that motion was opposed and was not ruled on for several months. And you stipulated to the withdrawal of the motion to withdraw? Correct, yeah. The same sort of stipulation took care of both of those portions, Your Honor. That doesn't establish estoppel. There were two grounds in the Zisman's motion for summary judgment. And because of that, and also because of the rule in New York that a stipulated judgment doesn't have preclusive power, we can't get to that collateral estoppel argument and uphold it as they wish to do. The point about the caption not being changed, we agree that the state court should have let 1 West proceed in place of the plaintiff, but it didn't. And it didn't not because it appealed to the rule in New York courts that the other party can continue in place of the original plaintiff, but because it did not believe that either IndyMac or 1 West had met certain standing requirements proof. That's set out on page number 1092. And so that rule doesn't operate to doom our argument here. Thank you, Mr. Parsley. Thank you to both sides for your arguments and briefing. We will take it under advisement. And that concludes our argument calendar for today. So I'll ask the court.